## HILL vs. STEEL.

Where a judgment, rendered by a justice of the peace, is brought into the Circuit Court by appeal, and that court adjudges that the appellant had lost his right of appeal by his own laches—as by permitting a judgment to be rendered against him by default, and failing to appeal within fifteen days—and dismisses the case, there is no mode provided by our law, by which the appellant can obtain a trial *de novo*.

When a case, commenced before a justice of the peace, is brought into the Circuit Court upon *certiorari*, the court can only determine, upon inspection of the proceedings and judgment of the magistrate, whether they were valid, or irregular and void, and quash or affirm.

A judgment would hardly be void, though the suit be commenced and prosecuted on a writing obligatory, executed to the wife in her life-time, whether the suit be properly brought in the name of the husband or not—or whether he should have sued as the representative of his wife—such objection should be made, if good, before the justice; and not in the Circuit Court, upon *certiorari*.

### *Appeal from Johnson Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge, presiding.

MAY, for the appellant.

CUMMINS, contra.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Thomas Steel sued Mark Hill, before a justice of the peace of Johnson county, on a writing obligatory, for less than $100 executed by Hill to *Elizabeth* Steel.

The summons issued by the justice, required the defendant to appear &c., "to answer the complaint of *Thomas Steel,* the surviving husband of *Elizabeth Steel,*" &c.

The defendant being served with process, the transcript of the proceedings before the justice shows, that on the day of trial,

15th *July*, 1854, the plaintiff appeared by attorney, and the defendant appeared in person, but made no defence: and the judgment was rendered in favor of the plaintiff, for the amount due upon the bond sued on. That, on the first day of August, following, the defendant appealed to the Circuit Court of Johnson county.

The Circuit Court ordered the case stricken from the docket, for want of jurisdiction, on the ground, that the judgment of the justice was rendered against the defendant on default, and that he made no motion to set it aside within fifteen days thereafter, as required by the statute. See *Digest, chap.* 95, *part* 2, *sec.* 175.

Afterwards, upon the petition of the defendant, Hill, a transcript of the proceedings in the cause before the justice of the peace, was brought into the Circuit Court by *certiorari*, and on inspection thereof by the court, the judgment of the justice was affirmed, and Hill appealed to this court.

When the case was in the Circuit Court on appeal, the court having adjudged that Hill had lost his right of appeal by his own laches, and having dismissed the case, the judgment of the justice became final and absolute; and there was no mode provided by our laws, by which Hill could afterwards obtain a trial *de novo*.

When the cause was brought into the Circuit Court again upon *certiorari*, the court could only determine upon inspection of the proceedings and judgment of the magistrate, whether they were valid, or irregular and void, and quash or affirm.

The justice of the peace, it affirmatively appears, had jurisdiction of the subject matter of the suit, it being a bond for the payment of a less sum of money than $100, and also of the person of Hill by due service of process.

It is stated in the petition for the *certiorari*, that Hill executed the bond sued on, to *Mrs. Steel*, after her marriage with Steel, for money borrowed by him of her, before the marriage, and that the suit was brought by her husband after her death.

It is insisted that the husband had no right of action upon the

29c

bond, unless he had taken out letters of administration upon his wife's estate, and brought the suit as her administrator.

Whether this be the law or not, we need not decide. The proposition is based upon statements dehors the transcript of the proceedings and judgment of the justice. This was a matter which should have been interposed as a defence before the magistrate upon the trial.

If the legal title to the bond did not vest in the husband upon its execution to the wife, and if he had not the right to sue thereon, while she was living, or after her death, in his own name, the judgment would hardly be absolutely void, because he brought the action in his personal right, and not as her representative. See 1 *Chit. Pl.* 31, 32.

We think the court below did not err in affirming the judgment of the justice, on inspection of the transcript. See *Boothe vs. Estes*, 16 *Ark.* 104. Affirmed.

Absent, Mr. Justice SCOTT.