Chicago and Rock Island Railroad Co. *v.* Whipple.

THE CHICAGO AND ROCK ISLAND RAILROAD COMPANY, Appellant, *v.* WARREN W. WHIPPLE, Appellee.

APPEAL FROM PEORIA.

In this State the common law writ of *certiorari* may issue to all inferior tribunals, where such tribunals proceed illegally, and there is no mode of appeal from such tribunals, or other way of reviewing their proceedings.

8

Chicago and Rock Island Railroad Co. *v.* Whipple.

On such a writ issues of fact are not to be tried; only by the record in return to the writ, are the questions of jurisdiction or regularity to be inquired into.

By certiorari the evidence taken in the inferior tribunal is not to be brought before the court, nor can it be shown.

The corporators of a railroad, are liable, if its lessees should commit a trespass. So if the road is operated by contractors, while constructing it.

The fact that a justice of the peace renders a judgment in debt, in an action of trespass, is no ground for a reversal—it is otherwise if rendered in the Circuit Court.

THIS suit was commenced in the Circuit Court of La Salle county, and by change of venue removed to Peoria county.

On the 11th December, 1856, the plaintiff filed a petition in the Circuit Court of La Salle county, for a common law writ of certiorari against the defendant, for the purpose of reviewing the decision and judgment of N. DUNCAN, a justice of the peace of said county, rendered in favor of the defendant against the plaintiff, on the 12th November, 1853, for $71.20 and costs.

The petition states, in substance, that the " Chicago and Rock Island Railroad Company," were duly organized under an act of 27th February, 1847, and an act of February 7th, 1851. That they, during the year 1853, were constructing and operating their said road by contractors.

That Whipple sued plaintiffs below before N. Duncan, a justice of the peace of La Salle county, in November, 1853. Upon the summons the constable returned, that he had served the same by leaving a copy with George H. Buck, an agent of said company, the president of said company not residing in his county, on the 7th November, 1853.

That the plaintiff's claim was for cattle killed upon the road before that time; that such action (trespass) would not lie against defendants in said suit, because they were not running, controling or managing the road, but the same was run, controled and managed by Farnham and Sheffield, contractors to build the same, for their own use and profit. That the justice had no jurisdiction of the subject matter of the suit, or person of the defendant; that the said petitioners, nor any one for them, appeared before the justice upon the day of trial, or any other time to answer to said suit; that Buck, on whom the process was served, was never their agent, and that there never was any service of process on petitioners, and they knew nothing of the suit until more than six months had elapsed after judgment was rendered against them, and not until they were again sued upon the same judgment about the middle of September, 1854. Petition further states that the judgment of the justice is unjust and erroneous, and prays for a writ of certiorari to bring up the record to review the proceedings, etc.

The petition is verified by affidavit.

Writ of certiorari was issued 27th December, 1856.

At the December term, A. D. 1857, the defendant moved to quash the writ of certiorari and dismiss this suit for the following reasons:

1. No common law writ of certiorari lies in such case.

2. The facts appearing on the face of the petition in said cause do not authorize the issuing of any such writ.

3. The transcript and papers on file show that the justice decided correctly in said cause.

4. By return of said justice it does not appear that said justice has committed any error in law.

5. The justice had jurisdiction, and did not proceed illegally, so that no such writ lies.

Upon the hearing of this motion, the defendant's counsel offered to prove that the Chicago and Rock Island Railroad Company was not in existence at the time of the rendition of said judgment in the court below, and that the said judgment and all costs had been fully paid, since the rendition of said judgment, and also that another suit had been brought on said judgment below, and a new judgment rendered upon the said judgment before A. Putnam, a justice of the peace of La Salle county, on the 30th September, 1854, for the amount of the said judgment and costs, by which subsequent judgment the defendant insisted the said original judgment had been fully satisfied, and merged in said subsequent judgment.

The court rejected the evidence offered, dismissed the writ of certiorari, and plaintiff excepted.

The errors assigned are, that:

1. The court erred in sustaining the motion to dismiss the writ of certiorari.

2. The court erred in rejecting the evidence offered by the plaintiff.

3. The court erred in not reversing the judgment of the justice of the peace, and in not rendering judgment for the appellant.

N. H. PURPLE, for Appellant.

D. L. HOUGH, for Appellee.

WALKER, J. By the English practice after judgment has been rendered, by an inferior court, the common law writ of *certiorari* is allowed, for the purpose of ascertaining whether it appears from the record, that the inferior court had no jurisdiction, or has proceeded illegally in the cause. When it appears from the record returned into the superior court, that there was a want

of jurisdiction, or that the inferior court has proceeded contrary to law, the practice is to quash the judgment, but, in such cases it is not the practice to ascertain from extrinsic evidence whether the inferior court had jurisdiction or had proceeded contrary to law, but to determine these questions by the record. By the practice in this State, " the common law writ of *certiorari* may issue to all inferior tribunals and jurisdictions, in cases where they exceed their jurisdiction, and in cases where they proceed illegally, and there is no appeal or other mode given to directly review their proceedings. These are the only instances in which their proceedings can be reviewed on *certiorari*." *Doolittle* v. *Galena and Chicago Union Railroad Company*, 14 Ill. R. 381 ; *People* v. *Wilkinson*, 13 Ill. R. 660. The Circuit Court on the return of the record by the justice of the peace, had no power to form and try an issue of fact, in regard to the jurisdiction or regularity of the proceedings of the justice. Those questions could only be tried by the record. The court could not review the evidence heard by the justice nor inquire into the correctness of the decision on that evidence. It is no part of the office of a writ of *certiorari* to an inferior tribunal, to bring before the court from which the writ issued, the evidence heard in the court below, nor can the court receive testimony to show what that evidence was.

To hear such evidence, and reverse or affirm the judgment in this proceeding, would well nigh destroy the binding effect of all judgments of justices and inferior jurisdictions. Such a practice would tend to increase litigation, unsettle rights acquired under such judgments, and would virtually give an appeal in all cases, at any time within the period of the statute of limitations. No benefit could result, and interminable strife would be the inevitable consequence of such a practice, The Circuit Court we think did right in rejecting the evidence offered on the hearing of the motion to quash the writ of *certiorari*.

It was again urged that the appellants could not be held responsible for the injury complained of, because they allege that the company was not organized at that time. The petition on its face shows that they were then having their road constructed, and they cannot be heard to say that they were assuming rights and franchises under their charter, and yet insist that in their exercise they may exonerate themselves from liability for injuries inflicted upon others. By their own showing they were constructing this road, by persons with whom they had contracted for that purpose. And the fact that the road was then operated by these contractors can make no difference. These contractors derived all their authority from the company, and for their tortious acts while exercising the franchises granted to

the corporation by their charter, the company must be held responsible. *Chicago, St. Paul and Fond du Lac Railroad Company* v. *McCarthy*, 20 Ill. R. 385. Nor can the appellants insist that those operating the road were lessees, and that they are thereby released from liability for their wrongful acts, as the lessees occupy the relation of servants of the company, as to third persons. A railroad company cannot free themselves from liability by leasing their road to others. *Ohio and Mississippi Railroad Company* v. *Dunbar*, 20 Ill. R. 623. It then follows that the responsibility of the appellants was the same whether the road, at the time the injury was done, was being operated by themselves, their servants, agents, lessees, or the contractors for its construction. And if the record of the justice of the peace showed that the action was brought for a cause in which he had jurisdiction, then it would be error in the Circuit Court to quash the judgment. And from this record it appears that the action was brought for a trespass to personal property, and the statute expressly confers such jurisdiction upon justices of the peace.

The service of the process in this case was strictly in compliance with the requirements of the act of 8th February, 1853, (Sess. Laws, p. 258,) and is similar to the service in the case of these appellants against Mary Fell, *post*, decided at the present term of this court, in which the service was held to be sufficient. This objection is therefore not well taken.

The fact that the action was trespass and the judgment was in debt, while it is not strictly formal, is not ground for a reversal as has been repeatedly held by this court, where the action originated before a justice of the peace. Although it is otherwise in causes originating in the Circuit Court.

Upon the whole record in this case no error is perceived requiring the judgment of the Circuit Court to be reversed, and the same is therefore affirmed.

*Judgment affirmed.*