WYATT & HENSLEY, *admrs.*, *v.* BURR.

WRIT OF CERTIORARI—*to probate court.* The writ of *certiorari* will not lie to bring up for review a record from the probate to the circuit court, *except* where there is no opportunity for appeal.

The proper and usual mode of obtaining a review of the action of the probate court, in disallowing a claim against an estate, is by *appeal.*

ATTORNEY. Where the record presented to this court shows that a party was represented in the probate court by *attorney*, this court will presume such to have been the fact.

Term, 1869.]     Wyatt & Hensley, *admrs., v.* Burr.

Account in probate court. Where an account was presented by B. to the probate court as the claim of B. & Co., and B. did not expressly show that it was his indidviual claim, that court did not err in adjudicating it as the *indicidual claim* of B. & Co.

*Appeal from Searcy Circuit Court.*

Hon. Richard H. Powell, Circuit Judge.

Garland & Nash, for appellants.

If the judgment of the probate court was erroneous, the appellee could appeal. A writ of *certiorari* will not lie to correct error in the proceedings of inferior courts, which could have been corrected on appeal. See *Allston, ex parte,* 17 *Ark.,* 580.

The probate court being a court of record, all presumptions are in its favor. 18 *Ark.,* 600; 6 *Eng.,* 519; *Lenox v. Pike,* 2 *Ark.,* 14; and if, upon the whole record, the judgment of the probate court appears to be correct, its action will be sustained. 19 *Ark.,* 96; *ib.,* 677; *Davis v. Gibson,* 2 *Ark.,* 115; *Payne v. Bruton,* 10 *Ark.,* 64.

Watkins & Rose, for appellee.

The circuit court has jurisdiction, by *certiorari,* over the judgment of the probate court, where the judgment is irregular, and the party had no opportunity of appeal. *Derton v. Boyd,* 21 *Ark.,* 264.

*Certiorari* was the only remedy of the appellee. *Chappell v. Jones,* 8 *Humph.,* 107; *State v. Bill,* 13 *Ired.,* 373; *Wright v. Gray,* 20 *Ala.,* 363; *West v. Williamson,* 1 *Swan.,* 277; *Baker v. Halstead, Busbee Law,* (*N. C.,*) 41; *Darling v. Neill,* 15 *Texas,* 104.

Wilshire, C. J.

It appears from the transcript, in this case, that, on the 7th day of February, 1868, E. T. Burr presented a petition to the

judge of Searcy circuit court in vacation, for a writ of *certio-rari*, alleging, substantially, that he was the legal and equitable owner of a demand against the estate of John M. Hensley, deceased; that W. A. Wyatt and John W. Hensley were the administrators of said estate; that petitioner, on or about the 20th day of September, 1866, made affidavit to the justness of said demand, as required by law, and, for the purpose of pre-senting the same to the administrators, sent it to Searcy coun-ty; that the same was disallowed by said W. A. Wyatt, as one of the administrators; that, without the knowledge or consent of petitioner, said claim was presented to the court of probate of Searcy county, and that said court erroneously rendered judgment against Burr & Co. for costs, and not against peti-tioner, and that the judgment of said probate court in this case is in favor of said administrators in their own right, and against Burr & Co., and not against petitioner, and in favor of W. A. Wyatt and J. W. Hensley as administrators, &c.; that the judgment of the probate court does not disclose who com-pose the firm of Burr & Co.; and that no such firm as Burr & Co. existed, &c., &c.

A transcript or copy of the proceedings and judgment of the probate court was exhibited with the petition, and, on pre-sentation of the petition, the circuit judge ordered the writ of *certiorari* to issue.

At the March term, 1868, the cause was heard by the circuit court, and the proceedings of the probate court held to be irregular and the judgment void, and the circuit court quashed the judgment of the probate court, and remanded the cause to be proceeded in *de novo.* The defendants in the circuit court excepted and appealed to this court.

The errors assigned are:

1. That said cause was taken to the circuit from the probate court, by *certiorari*, when there was perfect remedy by appeal.

2. That the judgment of the circuit court was to quash the judgment of the probate court, when it should have affirmed the same.

To determine the first objection made to the proceedings of the circuit court, it becomes necessary to examine the proceedings and judgment of the probate court.

From the transcript of the record, containing a copy of the proceedings and judgment of the probate court, certified as the return of the writ of *certiorari*, it appears that, at the October term, 1866, of the Searcy probate court, Burr & Co., by their attorney, appeared and filed, as a claim against the estate of John M. Hensley, deceased, the following writing obligatory :

"$212$\frac{22}{100}$.                    BATESVILLE, *January* 1, 1861.

"One day after date I promise to pay to the order of Burr & Co. two hundred and twelve $\frac{22}{100}$ dollars, for value received, with interest at the rate of ten per cent. per annum from maturity until paid.        ·        J. M. HENSLEY. [SEAL.]"

The statutory affidavit required for the authentication of claims against the estates of deceased persons, was made by E. T. Burr, in the usual form.

It appears, from the affidavit, that there was included in it an account for $17; but the record of the probate court does not show that the account was presented with the writing obligatory to the administrators, or the court.

There is no statement in the affidavit to show that the claim was the property of E. T. Burr, individually, at the time the affidavit was made, nor does it appear from the record that Burr was the sole owner of the claim at the time it was presented to the probate court for allowance and classification. The fact that E. T. Burr made the affidavit, required by law, to entitle the claim to presentation to the administrators for their action, was no evidence that he was the sole owner of the claim made out and sworn to, or it was as a partnership demand. The statute in force, when the claim was sworn to by Burr, authorized the authentication of such demand by an "agent or attorney cognizant of the facts." *Acts General Assembly*, 1866 *and* 1867, 318.

It appears from a copy of the claim in question, contained

in the transcript, that it was presented to Wyatt, one of the administrators, and by him examined and disallowed, on the 1st of October, 1866, and on the 18th day of the same month presented, by the attorney of the claimants, to the probate court, for allowance and classification.

At the October term, 1866, of the probate court, says the record of that court, " Burr & Co., by. their attorney, appeared in court, and filed a note against the estate of John M. Hensley, deceased, and it appearing to the court that the same was disallowed by the defendants, as such administrators, and the court, after hearing the evidence, being fully advised in the premises, it is therefore considered and adjudged by the court that the same be not allowed," &c.

The probate court had jurisdiction of the subject matter, and the claimants appearing, as shown by. the record, by attorney, and presenting their claim, after one of the administrators had disallowed it, thereby invoking the aid of the court in the allowance and classification of their demand against the estate, if they felt aggrieved by the final judgment of the probate court, they should have pursued the means of redress prescribed by law—that of appeal.

It does not appear, by the record of the probate court, that an appeal was taken, or attempted to be taken, nor any cause shown why it was not done by the claimants; and the only excuse shown by the petition of Burr, for *certiorari*, was that the claim was presented to and passed upon by the court, " without his knowledge or consent;" which is wholly contradicted by the record of the probate court. Burr alleges, in. his petition for *certiorari*, that he " sent the claim to Searcy county to be presented to the administrators," but does not disclose to whom he sent it, whether to one of the administrators or to the attorney who presented it to the court; and, from the whole record of the probate court, this court will presume that the claim was placed by the claimants in the hands of the attorney, who presented it to the probate court, and sought to procure its allowance and

classification, and that the claimant will be bound by his action, or neglect, to take an appeal.

This court, in the case of *Allston, ex parte,* 17 *Ark.,* 580, held that the writ of *certiorari* will not lie to correct errors in the proceedings of the inferior court, which could have been corrected on appeal. The same doctrine is announced in the case of *Denton v. Boyd,* 21 *Ark.,* 267. There the court said: "If the plaintiff in error, by his petition for *certiorari,* made a *prima facie* showing that he was interested in the estate; that the judgment of the probate court, allowing and classifying the claim of the defendant in error, was irregular, and that there was no opportunity for an appeal, it was perfectly competent for the circuit court, in the exercise of its constitutional power of supervision over the probate court, to cause a transcript of the record of the proceedings and judgment of the probate court to be removed into the circuit court by writ of *certiorari.*" The jurisdiction and powers of the circuit court were the same when the proceedings in this case were had as when the cases referred to were before this court.

The appellee alleged in his petition that "he was the sole owner of the demand," &c. That might have been true, still he did not so state in his affidavit for the authentication of the claim. But the demand was prepared by E. T. Burr for presentation, and prepared and authenticated as a demand due Burr & Co. against the estate of J. W. Hensley, deceased; and, as such, was presented, first to the administrator and then to the probate court, and by that court adjudicated. If the demand had been the individual property of the appellee, it was his duty to have so prepared and presented it as to have furnished information to the administrator and the court, to whom the estate was indebted on account of the claim, and his failure to do so was his own fault, and he can not now complain. There was no evidence before the probate court, by assignment or otherwise, to show that the demand was the property of any one other than the firm of Burr & Co.

After a careful examination of the record of the judgment

31

and proceedings of the probate court, we are of opinion that the judgment of that court ought to have been affirmed; and the circuit court erred in quashing the judgment of the probate court, and for this error the judgment of the circuit court is reversed, and the cause remanded, with directions to that court to affirm the judgment of the probate court.