## SHACKLEFORD'S ADMINISTRATRIX v. W. GATES AND OTHERS.

1. Heirs of a decedent sued his executor on account of the services of certain of their slaves alleged by them to have been applied by the decedent to his own use.   The court below erroneously allowed certain general creditors of the decedent's estate to intervene and contest the case against the plaintiffs; and there being judgment below for the plaintiffs against the executor, no appeal or writ of error is prosecuted by the executor, but an intervenor, who was the administratrix of one of the general creditors, attempts to bring the judgment

up to this court without bond. *Held*, that the judgment is not such an one as the intervening administratrix can thus bring to this court.

2. Note the strictures of this court on the impropriety of permitting general creditors of an estate to intermeddle in suits against its legal representative.

3. Insolvency, it seems, does not disable a testator from exercising his power, under Article 1371, Paschal's Digest, of exonerating his estate from the probate jurisdiction of the courts. A remedy is afforded creditors by the statute in all cases which can arise under it.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

The opinion indicates the material facts.

*Moore & Ledbetter*, for the appellant.

*Timmons & Brown*, for the appellees.

WALKER, J.—This was an action brought by the heirs of A. R. Gates against his executors, to recover for the hire of certain slaves, the individual property of the heirs, and whose labor and services, it is alleged, A. R. Gates in his lifetime had used and appropriated to his own benefit.

Certain creditors of the estate of Gates, during the progress of the suit, were permitted to intervene. The showing made by these intervenors should not have entitled them to become parties in this action. It is the duty of administrators and executors to defend the estates which they represent against all unjust or fraudulent claims; and if they fail in so doing, they are guilty of malfeasance or misfeasance, as the case may be; and heirs, legatees and creditors may enforce such liability against them and their securities.

But to allow every creditor of an estate to intervene, or, more properly speaking, to intermeddle, in suits between the executor and any other creditor, simply

because they say the litigant creditor is endeavoring to enforce an unjust or fraudulent claim, would be an abuse of the law. Creditors must rely upon the honesty and integrity, voluntary or enforced, of the representatives of the estates of deceased persons. In this case, it is true, the executors do not appear to have resisted the claim of the plaintiffs; and there may be a reason for this, growing out of the fact that a swarm of intervenors were let in who vigorously defended the action; but for this there was no necessity. The executors were officially and legally bound to defend this action, if they had reason to believe the claim ought not to be allowed against the estate.

There was error in permitting the intervenors to come into the case, and that error was propagated in over-ruling the motion to turn them out. The court, however, may have reserved them for a more just fate, to-wit, the payment of a bill of cost.

But all this is perhaps unnecessary, and but for the good it may do in preventing a recurrence of this kind of boggling and intermeddling, we should have pronounced no opinion in this case; for it is impossible to say, from anything inside or outside the record, how it comes before us. There is no notice of appeal; there is no appeal bond; no petition for a writ of error; no citation in error, nor any service of any writ of error.

The clerk of the district court informs us that the transcript was demanded and delivered on the third day of January, 1872; but by whom demanded or to whom delivered, we are not informed. The transcript is, however, marked "John Shackleford's Administratrix *et al.*, appellants, v. Intervenors." Though the Shacklefords may have come into this case, claiming to represent the estate of John Shackleford, deceased, yet their position in the case is not such as to entitle them to

an appeal on their bond as administrators. (Art. 1384, and Note 523, Paschal's Digest.)

There is a question of law raised by the appellants' counsel, which we will notice *pro bono publico*. It is claimed that Article 1371, Paschal's Digest, does not. authorize a testator whose estate is insolvent, by his. will, to provide that there shall be no other action in the county court, in relation to the settlement of his or her estate, than the probating and registration of his or her will, and the return of the inventory. The language of the article is so plain, to-wit, "Any person capable of making a will may so provide by his or her will that no other action shall be had in the county court," etc., that we can scarcely imagine upon what doubt or hypothesis this question, novel in its character as it is, could have been raised. The cases referred to in the note following this section of the statute (note 515) distinctly point out the remedy which the law furnishes in all cases likely to arise under it.

Were the argument supported by authorities, it is claimed that the principle would not apply in this case, as A. R. Gates is claimed to have been entirely solvent at the time of his death.

The appeal in this case must be dismissed.

DISMISSED.