## PAYNE v. McCABE.

1. CERTIORARI: *None, where appeal may be prosecuted.*
   The writ of *certiorari* should not be issued in any case where there is or has been a right of appeal; unless the opportunity for appealing has been lost without fault of the petitioner.

2. INJUNCTION: *Dissolved, not revived by an appeal.*
   An appeal to the Supreme Court from an order of a Chancery Court, dissolving an injunction, does not revive the injunction during the pendency of the appeal.

WRIT OF CERTIORARI to *Pulaski* Chancery Court.
Hon. D. W. CARROLL, Chancellor.

### STATEMENT.

This was a petition to this court by W. R. F. Payne for a writ of *certiorari*, to bring up the record of a cause in the Pulaski Chancery Court, in which M. D. McCabe was plaintiff, and petitioner was defendant, to the end that an order of that court in said cause might be quashed.

Upon the statements of the petition the writ was ordered as prayed for, and the record of the cause has been removed into this court, from which it appears, that on the first of December, 1880, McCabe filed in the Pulaski Chancery Court his complaint, praying, upon facts stated therein, for an injunction against the execution of a judgment which the petitioner had recovered against him before a Justice of the Peace in said county. That a temporay injunction was issued, which was afterwards, on the twenty-ninth of March, 1881, in term time, upon hearing of the cause, dissolved, and the complaint dismissed for want of equity. That McCabe appealed from the decree dissolving the injunction,

and gave a supersedeas bond; and that afterwards, on the fourth of April, 1881, and during the same term, the Chancery Court, upon application of McCabe, made the following order:

"Come the plaintiff and defendant by their respective solicitors, and it appearing to the court that an appeal has been taken from the decree of this court, heretofore made herein, and a good and sufficient appeal bond has been filed herein, on motion it is ordered by the court, for good cause shown, that the order of this court, heretofore made, dissolving the injunction in this. cause, do not take effect at once, and that said injunction is hereby revived, pending the appeal of this cause in the Supreme Court."

The petitioner afterwards filed his motion in the Chancery Court to vacate this order, which the court overruled, and he now brings his petition to this court to quash it.

*A. D. Jones*, for petitioner:

The order reviving the injunction is void; the injunction having been dissolved, and the bill dismissed, the court had no jurisdiction to make such order. *High on Inj.*, 2 *Ed.*, sec. 1701; 5 *Sawyer U. S. Ct. Rep.*, 121.

*W. L. Terry*, for respondent:

The jurisdiction of this court does not attach until transcript filed. *Clay's Ad.*, v. *Notrebe*, 11 *Ark.*, 631.

The allowance of an appeal, and execution of bond, could not operate to continue the injunction until the appeal could be heard. 29 *Ark.*, 92. Proceedings could only be stayed by a specific order; the Chancery Court only could do this, as this court had no jurisdiction until transcript filed. *Pike* v. *Scott*, 11 *Ark.*, 681. Petitioner's remedy,

in case the appeal was not duly prosecuted, is plainly pointed out in the last case cited, and *Evans* v. *Walker*, 27 *Ark.*, 348.

OPINION.

EAKIN, J.   The writ was allowed to go, in this case, not. without considerable doubt in the mind of the court as to its propriety, but in order that the matter might be more intelligently decided upon the return of the transcript and argument of counsel.

The offices and functions of the common law writ of *certiorari*, which issued in England from the King's Bench, or out of Chancery, to supervise the action of inferior courts and *quasi* judicial tribunals, have been much contracted in the American States by Constitutional provisions and Statutes defining the jurisdictions of the several courts, opening up the channels of appeal to a common center, and providing definite means for the correction of errors. Hence, a great many cases may arise here, where the necessity of the writ would not be apparent; as between citizen and citizen its use is in the sound discretion of the court, it should in such cases be refused.

It is to be remembered also, that with regard to a very large class of the cases in which the writ was used by the King's Bench, it is the Circuit and not the Supreme Court which occupies the position analogous to the King's Bench. They are cases where causes before judgment were lifted into the Superior Court for the more certain administration of justice, where errors of inferior courts were to be corrected, and trials *de novo* ordered, and where proceedings of public boards and commissioners were to be corrected. These require the exercise of original jurisdiction.   It is only where the writ of *certiorari* is to subserve the purposes of a writ of error, or to bring up or perfect a record, that this.

Payne v. McCabe.

court can be considered as occupying the position of the King's Bench. The common law powers of that tribunal devolves *generally* upon the Circuit Courts, which are our highest courts of original jurisdiction.

Further, the writ of *certiorari* in England was never issued to the Court of Chancery. That was a court of equal dignity with the King's Bench, and in no way subject to its control. Errors in chancery decrees could be corrected by Bill of Review in the court itself, or by appeal to the House of Lords. Whilst in this country the Courts of Chancery are made courts of record, and equally with the Circuit Courts subordinate to the supreme appellate tribunals, by writs of error as well as by appeal, it would still seem that without legislation or some plain necessity, the writ of *certiorari* should not, as a consequence, be extended to cover cases, which it did not at common law. This is the view of the case taken by M. Powell in his work on Appellate Proceedings. *Citing Ohio decisions.* (*See Sec.* 6 *of chapt.* 8).

For the rest, the general current and greater weight of the American authorities, although they have not been uniform in their treatment of this question, is still clearly to the effect that it ought not to issue in any case where there is, or has been, a right of appeal, unless the opportunity of appealing has been lost without fault of the petitioner. This view of the case has been taken by this court in the case of *Smith* v. *Parker*, 25 *Ark.*, 518, and other cases.

1. MANDA-MUS: None where appeal lies.

Looking to the constitution, we find the writ of *certiorari* specially mentioned amongst those writs which this court may issue and determine, " in aid of its appellate and supervising jurisdiction," connected with an express provision that the jurisdiction of this court shall be appellate only. The only exceptions are in cases of *quo warranto* to Circuit Judges and Chancellors, and to officers of political corporations to question their legal existence. In these the juris-

21—37

diction is original. *Art. VII*, *secs. 4 and 5*. It is further invested with " a general superintending control " over other courts, which is elsewhere designated as a " supervising jurisdiction." It is well understood that these terms do not give the power to direct the proceedings of inferior courts, in matters of discretion, whilst the cases are in progress, but to keep them within the bounds of their jurisdiction, and to correct errors when committed. This may be done by prohibition, mandamus, appeals, writs of error and, where no jurisdiction exists in the court below, or where records are to be brought into court, by writs of *certiorari*. These writs and the others mentioned in this connection by the constitution are to be used by this court only as auxiliaries.

It will thus be seen how far the common law use of the writ of *certiorari* has been superseded, or has fallen into disuetude in modern American practice, especially in appellate courts. In view of this tendency, and considering it as always discretionary, it should not be used unless essential to purposes of justice.

In this case the court at the same term, after the first decree had been entered, and an appeal taken, modified the decree so as to extend the injunction over the time during which the appeal might be pending here. The defendant might have appealed for that modification of the decree, but that was not necessary to his protection, as he had the power to cause the complainant's appeal to be prosecuted in due time, and the judgment or order of this court would of itself have determined the injunction as effectually as upon his own appeal, in case the decree of the Chancellor on the merits should be affirmed. Besides, he incurs no danger of loss. The sureties on the original injunction bond remain bound during the pendency of the appeal here, and if he should have the appeal docketed and dismissed for want of

Payne v. McCabe.

prosecution, the injunction would cease, and would not be revived by any new appeal taken by complainant. The order of the court below, applied only to the specific appeal already granted.

The court had jurisdiction of the persons and the subject matter, and if the order continuing the injunction in complainant's favor, after a decree adverse to his equities were improper, it could only be error in the court, in improperly moulding the decree to subserve, what seemed to the chancellor, the purposes of justice. It is not uncommon in equity to make orders to protect the rights of parties for a reasonable time after the determination of the suit in that court. How far the court acted prudently may be matter of comment when an opinion may be rendered on the merits. Suffice it here to say, that there is no objection on the ground of jurisdiction. The appeal itself did not revive the injunction. That is well settled. It required a judicial order. But the records and decrees of all courts are within their power during the term, and may be set aside or modified. The effect of both orders, taken together, is not at once to dissolve the injunction, but to continue it for a determinable period, beyond which it could not extend ; a period which the defendant had the power to bring to a termination and within the time necessary for the hearing of the case here, and the action of the court upon it ; which time indeed, this court might possibly make shorter, upon a motion to dissolve even during its pendency here, if that should from any cause seem desirable. After this court acquires jurisdiction it has full power over the whole cause with regard to all things appearing on record.

Upon all the circumstances of this particular case, we are of the opinion that the writ of *certiorari* was not within the ordinary rules of practice, nor essential to the purposes of justice. It should be dismissed. Judgment accordingly.

2. INJUNCTION DISSOLVED: Not revived by an appeal.