Haynes v. Semmes.

---

## HAYNES v. SEMMES.

39 399
61 607

1. ADMINISTRATION: *Certiorari to quash allowance in Probate Court.*
   The removal of an executor from the State does not vacate his letters, nor deprive the Probate Court of jurisdiction to allow a claim against his testator's estate where he was duly served before his removal, with notice of presentation of the claim to the court for allowance.

2. CERTIORARI: *Appeal.*
   The writ of *certiorari* can not be used as a substitute for appeal to correct mere errors of an inferior court.

APPEAL from *Mississippi* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Collins & Balch*, for appellants:

The case of *Flournoy, et al. v. Payne, admr.*, is conclusive of this case. See (*28 Ark., 87, et seq.*) The remedy was by appeal. Courts can not go into the *merits* of a cause on *certiorari*.

ENGLISH, C. J. At the May term, 1880, of the Circuit Court of Mississippi County, S. S. Semmes, as administrator *de bonis non*, with the will annexed, of the estate of Johana M. Ellis, deceased, presented to the court a petition for *certiorari* to the clerk of the Probate Court of said county.

The substance of the petition was, that petitioner was appointed such administrator on the twenty-fifth of July, 1879, and qualified as such.

That, by the will of Johana M. Ellis, Daniel Craighead was appointed her executor, and qualified and acted as such. That a claim against said estate was presented to him as such executor for allowance, by T. B. Haynes, and rejected, and afterwards, on notice to said executor, the claim was allowed by the Probate Court, without defense. That there was a valid defense to the claim which is stated, but at the time of its allowance the executor had left the county and gone to Texas, and was not present nor represented.

That the petitioner did not qualify as administrator until after the term of the Probate Court at which the claim was allowed had adjourned, and therefore he was debarred the right of appeal.

The court, upon the petition and against the objection of T. B. Haynes, the claimant, who had notice of the application for the writ, awarded a *certiorari* as prayed.

From the transcript of the record of the Probate Court returned by the clerk upon the writ, the following facts appear:

That on the twenty-ninth day of October, 1877, T. B. Haynes, by an agent, presented to Daniel Craighead, as executor of Johana M. Ellis, a verified claim against her estate for allowance. The claim was a note executed by Japtha Lollar, March 25, 1876, to Johana M. Ellis, for $485, payable fifteenth of November, 1876, for rent of land, and assigned by her to the claimant, T. B. Haynes.

There was a credit on the note for $174.72, and the claim was for the balance due on it.

That the executor indorsed upon the claim "examined and disallowed," as of the date of its presentation to him.

That the claimant caused a notice, in due form, to be served on the executor by the Sheriff, twelfth of February, 1878, that he would present the claim to the Probate Court for allowance at the April term thereof, 1878.

That the claim as authenticated and disallowed by the executor, was filed in the office of the clerk of the Probate Court on the fifth of February, 1878, and the notice to the executor was returned by the Sheriff and filed in the same office on the fourteenth of the same month.

No action appears to have been taken by the Probate Court upon the claim at the April term, 1878.

But at the July term, 1878, the claim was taken up by the court and allowed. The judgment of entry states that it appeared to the court that the claim had been presented to the executor for allowance, and disallowed by him on the twenty-ninth of October, 1877, and that the claimant had given him notice that the claim would be presented to the Probate Court for allowance at its April term, 1878, and that the executor had failed to answer. Then follows the judgment of allowance.

The Circuit Court quashed the judgment of allowance. The judgment entry recites that the parties appeared, etc., and the cause was heard upon the transcript of the record of the Probate Court returned upon the writ of *certiorari*, " and the oral proof offered in open court, showing that Daniel Craighead, former executor of the last will and testament of said Johana M. Ellis, deceased, had left the State of Arkansas prior to the rendition of the judgment in said Probate Court, and there was no one present to represent said estate when said judgment was rendered against said estate, and the court being advised what judgment to render, doth find that said judgment and proceedings in said Probate Court were irregular and void. Then follows

26

Haynes v. Semmes.

judgment that the said judgment and proceedings of the Probate Court be quashed, set aside and held for naught.

The claimant moved for a re-hearing, which was refused, and he took a bill of exceptions and appealed to this court.

1. Removal of executor from State, no vacation of letters.

There is no showing in the record that Craighead had been removed from the office of executor, or resigned, before the judgment of the Probate Court allowing the claim was entered. The fact that he had left the State did not of itself vacate his letters, if cause of removal by the Probate Court. *Flournoy et al. v. Payne, admr., 28 Ark., 91.*

His failure to appear and defend the estate against the claim, or to be represented by counsel, did not render the judgment of allowance null and void, though he and his sureties may be responsible for such neglect.

It appearing from the transcript of the record of the Probate Court returned upon the *certiorari*, that it had jurisdiction of the claim, and of the person of the executor, the Circuit Court erred in quashing the judgment.

2. Certiorari: No substitute for appeal.

The showing of appellee for not appealing from the judgment of allowance, he not having been appointed administrator *de bonis non* in time to take the appeal, may have been sufficient, but the writ of *certiorari* can not be used for the correction of mere errors, as a substitute for an appeal. *Hill v. State, 17 Ark., 440; Derton v. Boyd, 21 ib., 264; Payne v. McCabe, 37 ib., 318; Baskins v. Wylds, ad., ante, 347.*

Reversed, and remanded with instructions to the court below to affirm the judgment of allowance.