## HICKEY v. MATTHEWS.

| 43 | 341 |
| 61 | 607 |

1. CERTIORARI : *None to correct errors.*
   Mere errors and irregularities in a judgment can be corrected only by appeal.

2. CERTIORARI : *Practice in.*
   Since the passage of the act of 1873 regulating the practice on *certiorari*, (Gantt's Dig. Sec's 1196–7), a Justices' return to the writ is not conclusive as before then. The court may look beyond the transcript certified by the Justice, to the orignal record itself, and hear evidence as to any subsequent alterations and amendments of that record.

APPEAL from *Dorsey* Circuit Court.

Hon. J. M. Bradley, Circuit Judge.

*W. P. Stephens* for appellant.

The transcript from the Justice returned on *certiorari*, shows that there was service, though informal, that the defendant appeared by attorney, and that the Justice had jurisdiction of the subject matter.

*Certiorari*, at common law was a writ issuing out of Chancery or King's Bench. *Bacon's Abs. Title, Certiorari.* It is in the nature of a writ of error. 112 *Mass.*, 206. Except when ancillary to other process, its office is to bring up the *record* of an inferior tribunal to enable the court to determine whether the former has proceeded within its jurisdiction. 55 *N. Y.,* ( *Sick.* ) 600 ; 21 *Barb.* 656. Unless there is a want or excess of jurisdiction, the Circuit Court should not have quashed the judgment, 29 Ark., 173, and Gantt's Dig. Sec. 1196 does not so enlarge the writ as to make it operate for the correction of mere errors or irregularities, 35 *Ark.*, 99., The want of or ex_

cess of jurisdiction can only be tried upon inspection of the record, 21 *Ark.*, 426. The Circuit Court could not have considered matters *dehors* the transcript. 23 *Ark.*, 107 ; 22 *Ind.*, 73 ; 49 *Me.*, 417 ; 17 *Ark.*, 440. *Any* evidence for the purpose of showing want of jurisdiction or excess would have been *inadmissible, Supra* ; 66 *Ill.*, 256 ; 30 *Iowa,* 531. As no evidence *dehors* the record could be admitted, no bill of exceptions was necessary. As to the office of a bill of exceptions *see* 40 *Ark.*, 173.

The writ was improperly granted in the first case, as no proper case was disclosed by the petition and transcript, 17 *Mass.*, 351 ; 17 *Ill.*, 31 ; *Wright ( Ohio)* 130.

*Compton & Fuller* for appellee.

The writ was properly issued *Gantt's Dig.* 1196-7. The transcript of the Justice shows that he failed to comply with the provisions of *Sec.* 3723 *Gantt's Dig.*, and his proceedings were void for want of jurisdiction, and should be quashed. 30 *Ark.*, 20. A magistrate's court is one of limited jurisdiction, and all the statutory requirements must *affirmatively* appear. No presumption can be in its favor. 36 *Ark.* 272 ; 5 *Johns.*, 282 ; 5 *Ark.*, 367 ; 34 *Id.*, 105; 2 *Gray*, 120. Jurisdiction must be shown. *Cooley on Torts.*, 416. None can be presumed. *Freeman on Judg.* 3d. *Ed. Sec.* 517.

The Magistrate was examined in open court with his docket. There is no bill of exceptions, showing the evidence, and this court will presume that the Circuit Court acted advisedly, and that the facts shown were sufficient to justify the quashing of the judgment. · *Ark. Reports passim.*

SMITH, J. This was *certiorari* to quash the judgment of a Justice of the Peace. The transcript of the Justice's proceedings, filed with the petition and authenticated by

the certificate of the Justice, shows an action begun, before him, by Hickey against Matthews on an account, the amount of which is not stated, December 18, 1877; the issue of a summons for the defendant, the placing of it in the hands of a special constable, and the noting on the docket, of service of the same by reading on the 19th; the failure of the defendant, to appear on the 22d of December, the day set for trial, and a judgment by default for — dollars and costs.

On the other hand, the transcript returned by the Justice in obedience to the writ of *certiorari*, shows the following state of facts ; Action begun December 15, 1877, on a promissory note, purporting to have been made by the defendant for a sum under $50; the appearance of the defendant by attorney on the 22nd and trial before a jury, with verdict and judgment for the plaintiff for $45.53.

At the instance of the petitioner for the writ the Justice was required to bring his docket into court; and upon inspection of the same, and examination of the Justice, his judgment was quashed by the Circuit Court.

The only points that are open to contestation in this proceeding are, whether a judgment valid on its face was in fact rendered; and whether the court which rendered it had jurisdiction of the subject matter and of the defendant's person. Mere errors and irregularities could be corrected only on appeal.

1. CERTIORARI: No substitute for appeal.

The judgment that was set out in the exhibit attached to the petition was void for several reasons. No specific sum was found to be due the plaintiff. Nor is there any paper or memorandum in the record from which the amount could be ascertained by computation, as might be the case with a promissory note. But according to this exhibit, the action was upon an open account, the

amount of which is not specified, nor does it appear to have been sworn to.  Further, it does not appear that the sum in controversy was within the jurisdiction of a Justice of the Peace, nor that the defendant had legal notice of the pendency of the cause, the service being by reading when it should have been by copy (*Gantt's Dig. Secs.*, 3730, 4512) and the judgment itself distinctly negativing the voluntary appearance of the defendant to the action.

2. CERTI-
ORARI:
Practice in

However, the transcript returned by the Justice is of higher authority than that exhibited with the petition. And that discloses a regular judgment upon a cause of of action over which he had jurisdiction and in a case wherein the defendant had appeared by attorney.  Under the old law the return made to the writ of *certiorari* was conclusive as to the facts stated in it, and the facts stated in the petition could not be regarded.  *Redmond v. Anderson*, 18 *Ark.*, 449 ; *McCoy v. County Court*, 21 *Id.*, 475 ; *Dicus v. Bright*, 23 *Id.* 107.

If the return was false the remedy was an action against the magistrate.  *People v. Ontario*, 15 *Barb.*, 286 ; *Haines v. Judges*, 20 Wend., 625.  But in the year 1873 the Legislature passed an act, which enlarges the scope and office of this writ.

Affidavits may now be read on such applications and evidence *dehors* the record may be introduced by either party on the hearing.  The record of the inferior judicial tribunal is, however, still conclusive so far as it goes. *Gantt's Dig. Sec's.* 1196–7.

The effect of this Statute is to take away the conclusiveness of the return and to enable the court to look beyond the record certified to the original record itself, and to hear evidence as to any subsequent alterations and amendments of that record.  This was done in the pres-

ent case. What was developed upon an inspection of the original docket entries and the examination of the Justice is not disclosed. There is no bill of exceptions preserving the evidence upon which the court acted. And in the absence of any showing to the contrary, we are bound to presume in favor of the correctness of the judgment below, that the record, when produced, did not agree with that set out in the return.

Affirmed.