MERCHANTS & PLANTERS BANK *v.* FITZGERALD.

Opinion delivered February 1, 1896.

CERTIORARI—NOT A SUBSTITUTE FOR APPEAL.—Certiorari will not lie at the instance of creditors of a decedent's estate, to set aside the classification of a claim allowed by the probate court in favor of another creditor, as the appeal by the personal representative provided in such case furnishes an adequate remedy.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

Petition for certiorari by Edward Fitzgerald and others, creditors of the estate of Nannie W. Nichol, deceased, to quash an order of the probate court erroneously classifying in the third class of debts a claim of

the Merchants & Planters Bank against the estate, which had not been reduced to judgment in deceased's lifetime. The court quashed the order, and the bank has appealed.

*Austin & Taylor*, for appellants.

1.   The probate court had original and exclusive jurisdiction to determine the character and justness of the claim, and to classify it. Sand. & H. Dig. secs. 125, 127, 128, 110.   Its judgments are accorded the same presumptions as those of superior courts of record. 11 Ark. 519 ; 20 *id*. 424; 33 *id*. 828 ; 39 *id*. 348 ; 44 *id*. 516.   The presumption is that everything necessary to be done was rightfully done, unless the record *affirmatively* shows to the contrary.   27 Ark. 293 ; 31 *id*. 190.

2.   After one year the judgment is *conclusive*.   12 Ark. 95 ; 13 *id*. 559 ; 14 *id*. 244 ; 27 *id*. 673.   The only remedy was by appeal.   Sand. & H. Dig. secs. 1149, 1154.

3.   Certiorari is not a writ of right, and cannot be resorted to for the correction of mere errors or irregularities.   44 Ark. 509 ; 43 *id*. 33 ; 39 *id*. 347 ; *Ib*. 399 ; 28 *id*. 87 ; 40 *id*. 219 ; 47 *id*. 511 ; 51 *id*. 281.

*Bridges & Wooldridge*, for appellees.

1.   The claim was *erroneously* and *illegally* classed by the probate court, and certiorari was the proper remedy.   The records *affirmatively* show that the appellant's claims were *illegally* classed.   Appellees were not parties, and could not appeal.   41 Ark. 104.   Certiorari was their only remedy.   47 Ark. 412.

2.   In the absence of a bill of exceptions and motion for new trial, this court will presume that it was shown to the court below that the rights of appellees to become parties to the proceeding, and thereby acquire the right of appeal, was lost without any fault of theirs. 24 Ark. 602 ; 38 *id*. 568 ; 37 *id*. 528 ; 46 *id*. 18 ; *Ib*. 69.

3. The circuit court having jurisdiction on certiorari, it acts as a revising court, and may quash for any *illegality apparent* on the record.   11 Ark. 604 ; 25 *id.* 420.

4. Having lost the right of appeal, certiorari was the only remedy.   52 Ark. 220.   In 25 Ark. 420 it is held that when the probate court improperly classifies a claim, and the error appears on the face of the record, certiorari is the proper remedy.   See, also, 25 *id.* 32.

5. There being no bill of exceptions, this court will not review the proceedings.   56 Ark. 85.

BATTLE, J.   According to the well settled practice in this state the writ of *certiorari* can be used by the circuit court in the exercise of its appellate power and superintending control over inferior courts in the following classes of cases :   (1) Where the tribunal to which it is issued has exceeded its jurisdiction ; (2) where the party applying for it had the right of appeal, but lost it through no fault of his own ; and (3) in cases where it has superintending control over a tribunal which has proceeded illegally, and no other mode has been provided for directly reviewing its proceedings. But it cannot be used as a substitute for an appeal or writ of error, for the mere correction of errors or irregularities in the proceedings of inferior courts *(Ex parte Pearce*, 44 Ark. 513 ; *Railway Company* v. *State,* 55 Ark. 205 ; *McCoy* v. *Jackson County Court,* 21 Ark. 475 ; *Randle* v. *Williams,* 18 Ark. 383 ; *Hill* v. *Steel,* 17 Ark. 440 ; *Ex parte Allston,* 17 Ark. 580 ; *Baskins* v. *Wylds,* 39 Ark. 347 ; *Haynes* v. *Semmes,* 39 Ark. 399 ; *State* v. *Hinkle,* 37 Ark. 532 ; *Pettigrew* v. *Washington County,* 43 Ark. 33 ; *Hickey* v. *Matthews,* 43 Ark. 341 ; *Burgett* v. *Apperson,* 52 Ark. 213 ; *Flournoy* v. *Payne,* 28 Ark. 87 ; 2 Spelling on Extraordinary Relief, secs. 1918–1920, and cases cited), except in cases

where the appeal or writ of error was lost through no fault of the party·applying for it (*Payne* ·v. *McCabe*, 37 Ark. 318; *Roberts* v. *Williams*, 15 Ark. 43, 49; *Wyatt* v. *Burr*, 25 Ark. 476; *Smith* v. *Parker*, 25 Ark. 518; *Burgett* v. *Apperson*, 52 Ark. 213; *Baker* v. *Halstead*, Busbee, L. (N. C.), 41; 2 Spelling on Extraordinary Relief, secs. 1923–24, and cases cited), and in cases in the third class (*Ex parte Couch*, 14 Ark. 337; *Carnall* v. *Crawford County*, 11 Ark. 613; *Lindsay* v. *Lindley*, 20 Ark. 573; *Baxter* v. *Brooks*, 29 Ark. 180; *People* v. *Williamson*, 13 Ill. 660, 661, 663; *Groenvelt* v. *Burwell*, 1 Ld. Raymond, 469; *Rex* v. *Inhabitants*, *Id.* 580; *C. & I. R. Co.* v. *Whipple*, 22 Ill. 105; *Nicoulin* v. *Lowery*, 49 N. J. L. ·391, 396; *Doolittle* v. *G. & C. V. R. Co.*, 14 Ill. 381, 383; *Trustees* v. *Shepherd*, 139 Ill. 114; *Mendon* v. *Worcester*, 2 Allen, 463; 2 Spelling on Extraordinary Relief, sec. 1921, and cases cited).

In violation of this rule, it was held, in *Tucker* v. *Yell*, 25 Ark. 420, that *certiorari* lies in behalf of a creditor holding a claim against the estate of a deceased person, to correct an error of the probate court in allowing his claim in the wrong class. In that case the court. allowed the claim in the fourth class when it should have been allowed in the third. This court held·that the circuit court on *certiorari* should have set aside the classification, and allowed it in the proper class.

In *Flournoy* v. *Payne*, 28 Ark. 87, "John B. Payne, as administrator of the estate of Sally C. Flournoy, deceased, presented for allowance and classification a claim against the estate of D. J. Flournoy, deceased, notice having been given to Robert C. Flournoy, as executor of the last will and testament of the said D. J. Flournoy, deceased, that said claim would be presented. The claim was allowed and classified. Over two years afterward, Robert C. Flournoy and others interested in the estate petitioned the Desha circuit court for a writ

of certiorari requiring the clerk of the probate court to certify to the circuit court the proceedings and judgment of the probate court in relation to the presentation and allowance of said claim, etc." They "alleged, substantially, that the probate court erroneously allowed said claim upon a certain decree  *  *  *  obtained by the appellee against Robert C. Flournoy, as executor, etc., in the Fayette circuit court of Kentucky; that *  *  *  three of the petitioners, namely, Elizabeth Stevenson, Mary Stone and Letitia Hume  *  *  * were residents of the state of Kentucky, and had no notice that said claim would be presented, and therefore had no opportunity of appealing from the judgment allowing and classifying said claim, and that, as to the said Robert C. Flournoy, although he was served with notice that the said claim would be presented for probate and allowance, it was in the city of Louisville, Ky., where he was then living, and that his engagements were such that he could not, on such short notice, then go to the state of Arkansas to attend said court, and therefore he had no opportunity of appealing from the said judgment," etc. Upon this state of facts, the court, after holding the excuse of the executor insufficient, said : "As to the other petitioners, they were represented by the executor at the time this claim was presented for allowance, and were not entitled to be parties in the adjudication thereof. They can, therefore, plead the negligence of the executor neither as an excuse for their failure to appeal, nor as in any manner giving them rights in a proceeding of this character. The appellant, Robert C. Flournoy, not having shown circumstances sufficient to excuse him from his neglect to appeal, his only remedy was by appeal, and the circuit court had not the jurisdiction to determine the case upon certiorari."

In *Burgett* v. *Apperson*, 52 Ark. 213, "the appellant, who is the daughter and sole heir of Isaac Burgett, deceased, presented her petition to the circuit court for a writ of certiorari to quash an order of the probate court confirming a sale of her father's lands made by the administrator to pay debts." This court ordered the sale to be quashed, holding that it was erroneous, and finding that the heir, though entitled to be a party to the proceeding in which the sale was made, was not, and had lost her right to become such without fault on her part, and thereby the right to·an appeal. It said : "The writ [certiorari] is granted in two classes of cases; first, where it is shown that the inferior tribunal has exceeded its jurisdiction ; and, second, where it appears that it had proceeded illegally, and no appeal will lie, or that the right has been unavoidably lost. * * * Mere errors are never reviewable on certiorari, at the instance of one who has lost the right of appeal by his own fault, or who neglects to apply for the writ as soon as possible after it becomes necessary to resort to it. * * It cannot be used as a substitute for appeal to correct errors where an appeal is provided, except by a party who could have appealed."

In determining the manner in which the writ of certiorari can be used in this state, we have not overlooked the statute which provides that circuit courts shall have power to issue writs of certiorari to any officer or board of officers, or any inferior tribunal of their respective counties, to correct any erroneous or void proceeding, and to hear and determine the same." As to its effect upon the office of the writ, it was held in *St. Louis, etc., R. Company* v. *Burns*, 35 Ark. 95, that it did not so enlarge the use of the writ "as to make it answer the ends of an appeal or writ of error for the correction of mere errors in judicial proceedings." And

such has been the settled doctrine of this court, as shown by subsequent cases ; and to it we adhere.

In this case, creditors sued out a writ of certiorari for the purpose of setting aside the classification of a claim allowed by the probate court in favor of the Merchants & Planters Bank against the estate of Nannie W. Nichol, deceased, it having been allowed in the third class, and they insisting that it should have been in the fourth. This defect, which they invoke the writ to remedy, is an error committed by the probate court in the exercise of its jurisdiction, for the correction of which an appeal was allowed by statute, and no person was authorized to take it except the administrator. He and the creditor presenting the claim were the only parties. The other creditors were not entitled to become such. The administrator was the representative of them and all other persons interested, as creditors and otherwise, in the estate of his intestate, and in that respect stood to them in the relation of a trustee, and it was his duty to protect their interest in the estate of the deceased.

The law imposes on administrators the duty to "prosecute all actions that may become necessary to recover debts owing to the estate of their intestates, or property of any kind, and to protect the interest of the estate whenever the same is jeoparded." "To this end," says Woerner, on the American Law of Administration, "they must act not only with honest intent and perfect integrity, but also with promptness and diligence, and reasonable prudence and foresight. They are required to investigate the circumstances attending the affairs of the estate, lest by indifference and indolence its debtors escape or become insolvent, and the estate suffer. If they are remiss in their duty in this respect, they become liable personally, and on their bond, for whatever loss may ensue. *  *  *  *  But

they are not bound to attempt the collection of bad or doubtful debts, or to prosecute claims of a doubtful character, at least not unless the parties demanding such prosecution will indemnify the estate or the executor or administrator against costs." *Griswold* v. *Chandler*, 5 N. H. 492, 494; *Sanborn* v. *Goodhue*, 28 N. H. 48, 58; *Andrews* v. *Tucker*, 7 Pick. 250; 2 Woerner on the American Law of Administration, sec. 324.

The law also imposes on them the duty to defend all actions, proceedings, or claims brought against them in their fiduciary character, or the estates of their intestates, and to plead all meritorious defenses that may become necessary to protect the estate or its creditors, and prosecute such appellate proceedings as may be necessary to sustain the same. In the discharge of this duty they should act with the same honest intent, integrity, prudence, promptness, and diligence as is required of them in the prosecution of actions, and for the failure to perform it are liable to the parties injured, under such circumstances and upon such conditions as they would be for the neglect of duty in the prosecution of actions, the reason for the requirements and liabilities being the same in both cases. *Davis* v. *Smith*, 5 Ga. 274, 291; *Hutchcraft* v. *Tilford*, 5 Dana, 353, 360; *Shackelford* v. *Gates*, 35 Texas, 781.

In the manner indicated, the entire care, custody, management, preservation, and protection of the personal estate of a deceased person is entrusted to the administrator, with the duty of protecting the rights and interests of all persons in the same, and in this way the interference of creditors with all things concerning the estate is excluded, and they are left to enforce their rights in the estate in and through the administrator.

It therefore follows that the appellees had no right to sue out the writ of certiorari in this case, that the

judgment of the circuit court should be reversed, and the writ quashed; and it is so ordered.

BUNN, C. J., (dissenting). I dissent because, while the writ of certiorari is not a writ of right, but one of discretion, this discretion in the circuit court will not be controlled, except when abused, and I cannot see any abuse of it in this case. I do not agree with the court that the writ cannot be properly issued in a case like this. On the contrary, I think it the appropriate, if not the only, remedy.